UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JAMES E.M. PEEL, SR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 07-CV-0072-CVE-PJC |
| | ) |
| **DEPUTY OFFICER TURNER and** | ) |
| **CAPTAIN DEVOE,** | ) |
| | ) |
| **Defendants.** | ) |

**OPINION AND ORDER**

Now before the Court is Defendants' Motion to Strike Amended Complaint Or In the Alternative, Defendants' Amended Motion to Dismiss (Dkt. # 20). Plaintiff James E.M. Peel, Sr. ("Peel"), appearing pro se, filed an Amended Complaint (Dkt. # 17) on May 29, 2007 alleging violation of his constitutional rights under the First Amendment, the Eighth Amendment, and the Fourteenth Amendment while he was a prisoner at the David L. Moss Criminal Justice Center in Oklahoma.[1] For the reasons set forth below, the Court finds that the motion to strike the amended complaint should be denied; the motion to dismiss the amended complaint should be granted in part and denied in part.[2]

**I.**

Defendants first argue that the Court should strike plaintiff's amended complaint because he failed to file the amended complaint by May 8, 2007 pursuant to the Court's Order on April 24,

---

[1] Peel is no longer incarcerated at the David L. Moss Criminal Justice Center.

[2] Plaintiff's response to defendants' motions was due on July 2, 2007. Plaintiff has not submitted a response.

2007.  See Dkt. # 14.  Although plaintiff filed his amended complaint beyond the date specified by the Court, the Court finds that, in the interest of justice, the amended complaint should not be stricken.  However, the Court directs plaintiff that, in the future, he shall adhere to the Court's orders, including deadlines for pleadings.  To the extent plaintiff cannot meet a Court-imposed deadline, he should file a motion for extension of time seeking additional time and explaining to the Court why he needs such additional time.

## II.

In the alternative, defendants argue that plaintiff has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii).  Section 1915(e)(2)(b)(ii) states that the Court should dismiss a case where a party proceeds in forma pauperis if the action "fails to state a claim on which relief may be granted."  This language parallels that of Fed. R. Civ. P. 12(b)(6).

### A.

When reviewing a motion to dismiss under Rule 12(b)(6), the Court must construe the allegations of the complaint as true and view the allegations in the light most favorable to the nonmoving party.  Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).  The Tenth Circuit has referred to dismissal under Rule 12(b)(6) as a "harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."  Moore v. Guthrie, 438 F.3d 1036, 1040 (10th Cir. 2006) (citing Duran v. Carris, 238 F.3d 1268, 1270 (10th Cir. 2001)).  A Rule 12(b)(6) motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." Sutton v. Utah State School for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

Because Peel is proceeding pro se, the Court construes his amended complaint liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). If the Court "can reasonably read the pleadings to state a valid claim on which the [plaintiff] could prevail, it should do so despite the [plaintiff's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999) (citation omitted). However, it is not the proper function of the Court to assume the role of advocate for the pro se litigant, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), or supply additional facts or construct a legal theory which assumes facts not pleaded, see Dunn v. White, 800 F.2d 1188, 1197 (10th Cir. 1989).

**B.**

Defendants argue that plaintiff has failed to state a claim under the Eighth Amendment. Plaintiff alleges in his amended complaint that "D/O Turner would not allow inmate access to restroom causing him to deficate [sic] himself afterwords [sic] locked him down without access to shower. Captain Devoe denied plaintiff his due process when he refused/intercepted/sealed plaintiffs appeal over captains head interferred [sic] with chain of command procedure." Dkt. # 17, at 1. The crux of plaintiff's claim appears to be that plaintiff was denied access to a restroom,

3

defecated on himself, and was not permitted to shower for a certain period of time. He contends in the amended complaint that other inmates were treated differently from him. See id. at 2.

It is well established that prison officials have broad administrative and discretionary authority to manage prisons, Penrod v. Zavaras, 94 F.3d 1399, 1405 (10th Cir. 1996), but they must provide humane conditions based on "contemporary standards of decency." Estelle v. Gamble, 429 U.S. 97, 103 (1976). "[O]nly those deprivations denying the minimal civilized measure of life's necessities . . . are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298, (1991) (internal quotation marks omitted). To hold prison officials liable for violating plaintiff's right to humane conditions of confinement under the Eighth Amendment, two requirements must be met. First, the deprivation alleged must be "sufficiently serious." Id. "[T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). Second, the officials must have a "sufficiently culpable state of mind," meaning that the officials must exhibit "deliberate indifference" to a substantial risk of serious harm to plaintiff. Id.

In some circumstances, exposure to human waste can constitute a violation of the Eighth Amendment. "Exposure to human waste, like few other conditions of confinement, evokes both the health concerns emphasized in Farmer and the more general standards of dignity embodied in the Eighth Amendment." DeSpain v. Uphoff, 264 F.3d 965, 974 (10th Cir. 2001). Even in the instance of alleged exposure to human waste, whether the conditions were "sufficiently serious" to constitute an Eighth Amendment violation requires a highly fact-dependent inquiry. Compare Despain, 264 F.3d at 975 (plaintiff met the objective prong of Farmer test where plaintiff was exposed for thirty-six hours to stench of sitting urine in his toilet and urine and feces in water near his cell and where

4

officers rolled food card through the urine-mixed water), and Johnson v. Pelker, 891 F.2d 126, 139 (7th Cir. 1989) (three days in cell with feces smeared on walls was not within "civilized standards, humanity, and decency"), with Trevino v. Jones, 2007 WL 710213 (N.D. Okla. March 6, 2007) (holding at the summary judgment stage that the restriction on plaintiff's ability to use the restroom two times during an eight hour period was not a "sufficiently serious" deprivation to constitute an Eighth Amendment violation). At this stage, prior to a full view of the facts, the Court does not find that, as a matter of law, plaintiff has failed to state a claim upon which relief may be granted. Whether plaintiff is entitled to a jury trial on his Eighth Amendment claim is better determined at the summary judgment stage. See Despain, 264 F.3d at 975 (examining plaintiff's Eighth Amendment claim at the summary judgment stage); Johnson, 891 F.2d at 139 (same); Trevino, 2007 WL 710213 (denying the motion to dismiss the plaintiff's Eighth Amendment claim, but granting defendants' motion for summary judgment on that claim).

## C.

The Court finds that plaintiff has failed to state a claim pursuant to the Due Process Clause of the Fourteenth Amendment. The amended complaint alleges that defendant Devoe "denied inmate/plaintiff right to chain of command" when plaintiff attempted to utilize the prison grievance procedure. Dkt. # 17, at 2. However, plaintiff does not have a constitutionally protected right to a particular prison grievance procedure.[3] "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected

---

[3] Even read liberally, plaintiff's amended complaint does not allege that the defendants' failure to comply with the grievance procedure posed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995).

liberty interest requiring the procedural protections envisioned by the [F]ourteenth [A]mendment." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (quoting Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)).  Because the prison grievance procedure at the David L. Moss Criminal Justice Center did not confer any substantive right on plaintiff, defendants' alleged failure to comply with the grievance procedure is not actionable pursuant to § 1983.  See West v. Atkins, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States. . . ."); Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005) (prisoner did not have liberty interest, of kind protected by Due Process Clause of the Fourteenth Amendment, in having grievance against mail room and security staff of prison, for allegedly withholding and ultimately losing some of his mail, resolved to his satisfaction); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (inmates lack separate entitlement to specific prison grievance procedure under the Due Process Clause); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (any right to inmate grievance procedure is a procedural, not a substantive, right; thus, the state's inmate grievance procedures do not give rise to liberty interest protected by Due Process Clause); Flick v. Alba, 932 F.2d 728, 728 (8th Cir. 1991) (federal prison regulations creating an administrative remedy procedure do not, in and of themselves, create a due process liberty interest in access to that procedure).

## D.

Plaintiff's First Amendment claim is unclear.  In describing that claim, he reiterates the facts underlying his Eighth Amendment claim and uses the word "[d]iscrimination." Dkt. # 17, at 1.  To the extent that plaintiff alleges that prison officials failed to adhere to the prison grievance procedure and denied him access to the court system in violation of the First Amendment, the Court finds that

6

plaintiff has failed to state a claim.[4]  As discussed above, there is no constitutional right to a prison grievance procedure; thus, the failure of prison officials to comply with those procedures is not actionable under § 1983.  Mays v. Wilkinson, 181 F.3d 102 (6th Cir. 1999) (inmate failed to state a First Amendment claim concerning the prison grievance procedure because there is no inherent constitutional right to an effective prison grievance procedure).  Further, an inmate's right to access to the courts "is not compromised by the prison's refusal to entertain his grievance." Flick, 932 F.2d at 729.  Therefore, the Court finds that plaintiff has failed to state a claim pursuant to the First Amendment.

### III.

**IT IS THEREFORE ORDERED** that Defendants Motion to Strike Amended Complaint (Dkt. # 20) is **denied**.  Defendants' Amended Motion to Dismiss (Dkt. # 20) is **granted in part and denied in part**.  It is **granted** insofar as the Court dismisses without prejudice plaintiff's claims based on the First and Fourteenth Amendment.  It is **denied** insofar as the Court finds that, with respect to his Eighth Amendment claim, plaintiff has stated a claim upon which relief can be granted.  Defendants' Motion to Dismiss (Dkt. # 12) is **moot**.

**IT IS FURTHER ORDERED** that plaintiff is directed, in the future, to comply with the Court's orders, including but not limited to Court-imposed deadlines.

**DATED** this 25th day of July, 2007.

_Claire V. Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4]  Plaintiff does not appear to allege that the prison officials retaliated against him for utilizing the prison grievance procedures.